UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYLLIS LEA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9716** |
| **JOHNSON & JOHNSON, ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Plaintiff Phyllis Lea's Emergency Motion to Remand. R. Doc. 16. The motion is opposed. R. Doc. 14. The Court now rules as follows.

### I. BACKGROUND

On March 16, 2018, Plaintiff Phyllis Lea filed suit in the Civil District Court for the Parish of Orleans against Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (collectively, "J&J"), Imerys Talc America, Inc., and K&B Louisiana Corporation, seeking damages related to her ovarian cancer diagnosis. R. Doc. 16-1 at 3–4. Plaintiff contends her diagnosis is due to, and a consequence of, her regular perineal application of Defendants' asbestos-containing/contaminated talcum powder products. R. Doc. 16-1 at 3. This lawsuit is one of approximately 2,400 personal injury and wrongful death suits filed throughout the country against J&J on similar grounds. R. Doc. 16-1 at 4.

Imerys Talc America, Inc. ("Imerys") is J&J's talcum powder supplier. R. Doc. 16-1 at 1. On February 13, 2019, Imerys and two affiliates filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. R. Doc. 14 at 7. On April 18, 2019, J&J filed a Motion to Fix Venue in the United States District Court for the District of Delaware for all cases

1

related to Imerys' bankruptcy proceedings. R. Doc. 14 at 7. On April 24, 2019, J&J removed Plaintiff's suit to this Court pursuant to 28 U.S.C. § 1452(a), on the basis that Plaintiff's claims are "related to" to the Imerys Chapter 11 bankruptcy proceedings and the Court therefore has federal subject matter jurisdiction under 28 U.S.C. § 1334(b). R. Doc. 14 at 11, 14. Moreover, on April 30, 2019, J&J filed an Emergency Motion for Provisional Transfer in the Delaware District Court, but the motion was denied. R. Doc. 14 at 8.

## II. PRESENT MOTION

On June 6, 2019, Plaintiff filed an Emergency Motion to Remand to the Civil District Court for the Parish of Orleans. R. Doc. 16. On June 26, 2019, Plaintiff filed a notice of supplemental authority in support of her motion to remand. R. Doc. 17. Plaintiff asks the Court to remand for the following reasons: (1) J&J's Notice of Removal was untimely; (2) the Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b) because the claims are not sufficiently related to the Imerys bankruptcy proceeding; (3) mandatory abstention is warranted; and/or (4) equitable factors weigh heavily in favor of remand. R. Doc. 16-1 at 2–3.

J&J opposes remand and asks the Court to hold Plaintiff's Emergency Motion to Remand in abeyance until the Delaware District Court rules on the Motion to Fix Venue. R. Doc. 14 at 1. In the alternative, J&J argues it "properly and timely removed this action under Rule 9027 of the Federal Rules of Bankruptcy Procedure . . . and the relevant bankruptcy statutes, 28 U.S.C. §§ 1334 and 1452." R. Doc. 14 at 1. On July 19, 2019, the Delaware District Court denied J&J's Motion to Fix Venue, holding J&J had "not met its burden to establish that 'related-to' subject matter jurisdiction exists over State Court Talc Claims, and, even if it had, [the Delaware District Court] would abstain from hearing the roughly 2,400 cases in this district." In re *Imerys Talc America, Inc., et al.*, No. 19-MC-103 (MN), 2019 WL 3253366, at *2 (D. Del. July 19, 2019).

## III. LAW AND ANALYSIS

Because the Delaware District Court denied J&J's Motion to Fix Venue, this Court need not address J&J's request to hold the Remand Motion in abeyance. As such, the Court will only address Plaintiff's argument for why remand is warranted.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, this Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As the party seeking removal, J&J bears the burden of establishing federal jurisdiction. *See Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." In re *Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Section 1452(a) of the Bankruptcy Code states any party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending" when the district court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). Section 1334(b), meanwhile, vests the district court with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The Court has authority to remand claims removed under § 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b). Indeed, § 1452(b) affords the Court "an unusually broad grant of authority." *Removed State Court Talc Actions v. Johnson & Johnson*, No. 19-3080-CJC (JCX), 2019 WL 2191808, at *2 (C.D. Cal. May 21, 2019); *see also Dubose v. Merchants & Farmers Bank*, 318 F.Supp.2d 419, 428 (S.D. Miss. 2003) ("[R]emand authority under § 1452(b) is much broader than under the general federal removal statute."). Moreover, a district court's remand order

under § 1452(b) "is not reviewable by appeal or otherwise." 28 U.S.C. § 1452(b); *see also Arnold v. Garlock*, 278 F.3d 426, 438 (5th Cir. 2001) ("[O]nce a matter related to a bankruptcy case is equitably remanded, it is not subject to federal appellate review on any basis.").

In its remand evaluation, the Court may consider the following factors:

(1) [T]he convenience of the forum;
(2) the presence of non-debtor parties;
(3) whether the case should be tried as a whole in state court;
(4) the duplicative and uneconomic effect of judicial resources in two forums;
(5) the lessened possibility of inconsistent results;
(6) whether the state court would be better able to handle issues of State law;
(7) the expertise of the Bankruptcy Court;
(8) the degree of relatedness or remoteness to the main bankruptcy case;
(9) prejudice to involuntarily removed parties;
(10) whether the case involves forum shopping;
(11) the burden on the Bankruptcy Court's docket; and
(12) considerations of comity.

*In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001) (citing *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984)). Because the Court has such broad discretion in deciding remand motions on equitable grounds, any one of these factors may provide the Court with a sufficient basis for equitable remand. *See Browning*, 743 F.2d at 1076 n.21.

The Court believes equitable grounds support remand of the instant matter. First, the sole basis for federal jurisdiction is J&J's assertion the case is related to Imerys' bankruptcy proceedings under § 1452(a). There is no federal diversity jurisdiction, and J&J has not asserted an independent jurisdictional basis. Second, Plaintiff raises solely Louisiana state law product liability claims, none of which include unique or complex federal bankruptcy issues. R. Doc. 16-1 at 26. Indeed, Plaintiff's claims "are state law actions at their core." *See Removed State Court Talc Actions*, 2019 WL 2191808, at *2 (remanding more than forty similar cases against J&J in the interests of equity pursuant to § 1452(b)). Comity thus favors remand. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999). Third, with the exception of J&J, a

4

Delaware-based corporation, and Imerys, the remaining parties are non-debtors who are Louisiana citizens. R. Doc. 16-1 at 2. Fourth, and most significantly, Plaintiff's claims are remote from and have a marginal degree of relatedness to the Imerys bankruptcy proceedings. *See* In re *Imerys Talc America, Inc., et al.*, 2019 WL 3253366, at *3 (finding J&J failed to demonstrate Debtors' duty to indemnify and concluding "there is no relation [between Plaintiffs' claims and] the Debtors' bankruptcy proceedings").

J&J contends "equitable considerations overwhelmingly favor denying the Remand Motion" and asks the Court to hold the present motion in abeyance until the Delaware court rules on its. R. Doc. 14 at 10. As discussed earlier, however, the Delaware District Court has already denied J&J's Motion to Fix Venue, finding that "related-to" subject matter jurisdiction does not exist and even if it did, the Delaware District Court would exercise its discretion and abstain from fixing venue in the 2,400 state court claims. *In re: Imerys Talc America, Inc., et al.*, No. 19-MC-103 (MN), 2019 WL 3253366, at *9 ("Reviewing these factors together, the Court finds that even if subject matter jurisdiction existed, it would be both in the interest of justice and the interest of comity with the state courts that this Court exercise its discretion to abstain from merging nearly 2,400 pending state law cases for adjudication here in the District of Delaware.").[1]

Accordingly, the Court finds the equitable factors in this case weigh heavily for remand. As such, the Court need not address the additional grounds for remand raised by Plaintiff, namely whether J&J's Notice of Removal was untimely, whether the Court lacks subject matter

---

[1] As numerous courts have noted, the factors governing discretionary remand and permissive abstention are substantially the same. *See, e.g. Dubose*, 318 F. Supp. 2d at 428 ("[C]ircumstances which weigh in favor of discretionary abstention . . . likewise weigh in favor of or constrain remand under § 1452."). As such, the Delaware District Court's in-depth analysis of the factors weighing in favor of permissive abstention under 28 U.S.C. § 157(b) are directly relevant to this Court's discretionary remand analysis. *See* In re *Imerys Talc America, Inc., et al.*, 2019 WL 3253366, at *9.

jurisdiction under 28 U.S.C. § 1334(b) because the claims are not sufficiently related to the Imerys bankruptcy proceeding, and whether mandatory abstention is warranted.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Emergency Motion to Remand, R. Doc. 16, is hereby **GRANTED**. This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 24th day of July, 2019.

*[signature]*

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE